UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MELISSA FENDER JOHNSON, )
)
    *Plaintiff* )
)
*v.* ) No. 1:13-cv-406-DBH
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
)
    *Defendant* )

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the issues of the sufficiency of the evidence to support the residual functional capacity ("RFC") assigned to the plaintiff by the administrative law judge and the administrative law judge's conclusion about the plaintiff's ability to maintain concentration, persistence, or pace. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act only through December 31, 2006, Finding 1, Record at 20; that, through that date, the plaintiff suffered from migraine headaches, status post-surgical

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to filed a written opposition to the itemized statement. Oral argument was held before me on September 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

removal of a brain tumor, hiatal hernia, degenerative disc disease due to a herniated disc at the T5-T6 causing chronic back pain, post-traumatic stress disorder, bipolar disorder, depression, anxiety, and methadone dependence, impairments that were severe but which, considered separately or in combination, did not meet or equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 20-21; that, through the date last insured, the plaintiff had the RFC to perform light work, except that she could never climb ladders, ropes or scaffolds, could occasionally balance, stoop, kneel, crouch, or crawl, should avoid all exposure to excessive vibration, moving machinery, unprotected heights, and sharp objects, should never drive in the work setting, should work only in low stress jobs with only occasional decision making and infrequent changes in the work setting with simple, routine, and repetitive tasks up to 7 and 8 steps in nature, and should have no interaction with the public, Finding 5, *id*. at 22; that the plaintiff was, through the date last insured, unable to perform any past relevant work, Finding 6, *id*. at 26; that, given her age (30 years old on the date last insured), at least a high school education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy before the date last insured that the plaintiff could have performed, Findings 7-10, *id*. at 26-27; and that, therefore, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset of disability, May 14, 2002, through the date last insured, Finding 11, *id*. at 27. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. RFC Determination

The plaintiff first contends that Brian Stahl, Ph.D., a state-agency reviewing psychologist, failed to cite any data demonstrating the inconsistencies that he claimed to have found in a report from Robin Pedowitz, M.D, dated December 6, 2005, based on an evaluation performed for the Veterans Administration, and that the administrative law judge failed to address this report at all. Statement of Specific Errors ("Itemized Statement') (ECF No. 18) at 2-4. Apparently, she believes that either alleged error entitles her to remand. She cites no authority in support of either contention.

Assuming, *arguendo,* that the administrative law judge's reliance on Dr. Stahl's report would require remand if Dr. Stahl failed to cite any specific data in Dr. Pedowitz's evaluation of

the plaintiff as a reason to reject it (even though the plaintiff offers Dr. Stahl's report for Dr. Pedowitz's opinion as to her ability to work, an issue reserved to the commissioner), the plaintiff's argument fails because it mischaracterizes Dr. Stahl's report and applies a legal test more stringent than any adopted in Social Security case law.

Dr. Stahl described Dr. Pedowitz's "opinion that she could not work" as being "not consistent with data in [her] report. Claimant herself only rated her mental health functioning as a 6 or 7 with 10 being severe." Record at 296. He also noted that the plaintiff "scored 29/30 on mini mental status exam;" that Dr. Pedowitz's notes "indicate she attends to a[ctivities of] d[aily] l[iving] and household chores;" and that the plaintiff "appears to get along with healthcare providers." *Id.* at 703. These observations, along with the fact that most of Dr. Pedowitz's analysis is based on the plaintiff's subjective reports,[2] *id.* at 417-24, provide a sufficient explanation of Dr. Stahl's reasons for rejecting Dr. Pedowitz's conclusion. The plaintiff cites no authority, and I am aware of none, that requires a state-agency reviewer to cite specific entries, presumably by page number, to support his or her conclusion that another medical professional's opinion is inconsistent with data in that professional's report.

The plaintiff also attacks Dr. Stahl's evaluation because he "did not review additional medical evidence," specifically the records of her nine-day inpatient psychiatric admission in 2006, and of an admission on February 25, 2007, for an intentional overdose. Itemized Statement at 4-5. As the defendant points out, Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 20), at 4-5, the September 2006 admission was due to methadone withdrawal, Record at 941, 984, 996, 999, a condition not likely to persist for more

---

[2] The same is true of all but the last of the excerpts from Dr. Pedowitz's report set out in the plaintiff's itemized statement. Itemized Statement at 3-4.

than 12 months. In fact, as the administrative law judge noted, *id*. at 25, by the following month she "had detoxed from Methadone and reported doing well since being off the Methadone."

The admission in February 2007 was after the plaintiff's date last insured, December 31, 2006. *Id*. at 30. She was discharged three days after admission. *Id*. at 1076. While this admission for an intentional overdose is more troubling in relation to the plaintiff's ability to work than was the earlier 2006 admission, it also appears to have been an isolated event, a response to conflict with her mother that does not appear to be part of a pattern or course of behavior over time, nor does it appear to necessarily relate back to the period before the date last insured. *Id.* In addition, the plaintiff does not explain how this incident would have compelled Dr. Stahl to adopt Dr. Pedowitz's opinion. In the absence of such an explanation, the error is at best harmless.

The plaintiff also argues that the administrative law judge's alleged failure to "address" Dr. Pedowitz's report is reversible error. Again, she cites no authority in support of this contention. The administrative law judge did say that he was

> mindful that the claimant has been found disabled by the Veteran[]s['] Administration and is currently receiving disability payments from that agency. However, the Social Security Administration makes determinations of disability according to Social Security law[;] therefore a determination of disability by another agency is not binding on this proceeding. (20 CFR 404.1504 *[20 CFR 416.904]*, see also SSR 96-5p on issues reserved to the Commissioner).

*Id*. at 26 (italics in original).

The plaintiff does not suggest that this finding of disability is included anywhere in the record other than in Dr. Pedowitz's report. The only significant conclusion in that report, as far as the plaintiff appears to be concerned, is that the plaintiff cannot work. As she admits, that conclusion addresses a matter that is reserved to the commissioner. Thus, so long as the administrative law judge's conclusion is supported by substantial evidence, any failure to mention Dr. Pedowitz expressly can only be harmless error, if it is error at all. *Fletcher v. Astrue*, Civil No.

5

08-150-B-W, 2009 WL 214579, at *4 (D. Me. Jan. 28, 2009). The plaintiff does not suggest any other manner in which she contends that the administrative law judge's opinion is not supported by substantial evidence.[3]

While the administrative law judge did not reject Dr. Pedowitz's conclusion on the basis that it impermissibly touched on subject matter reserved to the commissioner, *e.g.,* Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2013-2014) at 124, he did not ignore that conclusion, as the above-quoted passage demonstrates. Moreover, even if Dr. Pedowitz's conclusion had been ignored, that could only be harmless error, since the issue is reserved to the commissioner. *Fletcher*, 2009 WL 214579, at *4.

The plaintiff is not entitled to remand on this basis.

**B. Assessment of Ability to Maintain Concentration, Persistence, and Pace**

The plaintiff challenges what she sees as the administrative law judge's reliance on the "mini mental status examination" administered by Dr. Pedowitz to support his determination that she had moderate limitations in her ability to maintain concentration, persistence, or pace, one of the criteria for assessing the severity of a mental impairment. Itemized Statement at 6.[4] She contends that this use of the examination constitutes lay interpretation of raw medical data, which an administrative law judge is not allowed to do. *Id.* at 7.[5]

---

[3] At oral argument, the plaintiff's attorney argued that remand is required whenever an administrative law judge fails expressly to address a particular medical opinion that is present in the record, even when the state-agency physician, whose opinion the administrative law judge adopts, does indicate consideration of that opinion. He cited no authority in support of this contention, which must be rejected as an unduly formulaic view of an administrative law judge's duties.

[4] Counsel for both parties have cited Wikipedia, an online source, for the definition of a mini mental status examination. Itemized Statement at 7; Opposition at 7. Counsel are reminded that this court has not accepted Wikipedia as a reliable medical reference. *E.g., Du Nguyen v. Astrue*, No. 2:11-cv-189-NT, 2012 WL 975674, at *6 (D. Me. Mar. 21, 2012).

[5] The plaintiff repeats in this context the argument that Dr. Stahl's opinion does not constitute substantial evidence to support any conclusion of the administrative law judge, Itemized Statement at 7, but I have already rejected that argument.

6

The administrative law judge, in assessing the severity of the plaintiff's mental impairments, said that "[i]n terms of concentration, persistence, or pace, I find that the claimant has no more than moderate difficulties because of her mental impairment, which could affect the claimant's ability to focus and complete complex tasks, in light of her excellent performance on the Mini-Mental Status examination (Exhibit 3F, 102)." Record at 22. He later observed that the results of that examination "indicat[ed] normal orientation, registration, attention, memory, calculation, language and visual motor skills (Exhibit 3F, 102.)" *Id*. at 25.

The latter sentence simply repeats what Dr. Pedowitz said. The connection found by the administrative law judge between the mental examination and the moderate limitation on concentration, persistence, or pace is less clear. However, even assuming this alleged error exists, it is harmless so long as there is substantial evidence in the record to support the limitations in the plaintiff's RFC to work limited to simple, routine, and repetitive tasks and low stress jobs, which are the only limitations to which the finding of moderate limitations on the ability to maintain concentration, persistence, or pace was applied by the administrative law judge. Record at 25. I have already determined that Dr. Stahl's report provides that substantial evidence.

Accordingly, the plaintiff is not entitled to remand on this basis.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for*

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 25th day of September, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge